MARVIN, Judge.
The defendant father appeals a judgment which found his children to be victims of neglect and abuse, in need of care, and placed the children in the custody of the State Department of Health and Human Resources and found defendant guilty of abuse and neglect of the children under LRS 14:403.
Defendant contends that the trial court lacked jurisdiction because the children were domiciled in Lubbock, Texas, and were removed to Louisiana only by an order of the trial court. Defendant’s other three assignments relate to the sufficiency of the evidence. We affirm.
A city court has original juvenile jurisdiction within its territorial area concurrent with that of a.district court. CJP Art. 14 D. This jurisdiction extends to proceedings under LRS 14:403, to proceedings in which a child is alleged to be in need of care (CJP Art. 15), and to proceedings involving adults under LRS 14:403 to protect children from actual or threatened mental or physical abuse (CJP Art. 16, 18).
CJP Art. 18 states that these proceedings may be commenced in the parish where the child is domiciled, in the parish in which the child was present when the conditions or act complained of occurred, or in the parish where the child may be found.
Witnesses testified that defendant and his children were in Monroe in November 1979 and again in late May and until about June 10, 1982. On the report of a relative on June 8, 1982, regarding sexual abuse of the children by the father and the mother, DHHR investigated and caused proceedings under LRS 14:403 to be instituted on June 11, 1982. The State alleged and showed that defendant and the children were residing (at least temporarily) in Monroe at the time the report was made. The fact that they may have been then legally domiciled out of the state does not defeat the juvenile court’s jurisdiction. The father and the children were present in Monroe when the conditions complained of existed. CJP Art. 18.
The conditions complained of are those that indicate the child is in need of care. Under CJP Art. 13(14), that term means a child:
(a) Whose parent inflicts, attempts to inflict, or, as a result of inadequate supervision, allows the infliction or attempted infliction of physical injury or sexual abuse upon the child which seriously endangers the physical,1 mental or emotional health of the child;
(b) Whose physical, mental or emotional condition is substantially threatened or impaired as a result of the refusal or neglect of his parent to supply the child *961 with necessary food, clothing, shelter, medical care, counseling or education, or as a result of the parent’s neglect or imposition of cruel punishment; or
(c) Who is without necessary food, clothing, shelter, medical care, education, or supervision because of abandonment by, or the disappearance or prolonged absence of, his parent, or because of any other reason.
At this juncture we note that the June 8, 1982, complaint to DHHR was directed at both parents and included an illegitimate infant grandchild of defendant, who was born to defendant’s 14-year-old daughter, allegedly from a sexual union with defendant. We also note that the record shows that defendant and his children removed themselves from Monroe about June 10, 1982, when he learned that a relative had complained to DHHR.
Under these circumstances, the trial court had jurisdiction notwithstanding its later order requiring the children’s return from Texas to Louisiana. State in the Interest of King, 310 So.2d 614 (La.1975) is inappo-site. There it was emphasized that the father brought his children from New York into Louisiana, attempting to wrest [legal] custody from his wife on the grounds that the conditions under which the children had been living in New York were unfit. Here the defendant’s children were subjected to an injurious environment in Louisiana during and before 1982, according to this record.
The trial court had jurisdiction.
The remaining three assignments relate to the alleged absence of evidence to establish either that defendant’s two sons, ages 13 and 8, had been sexually or physically abused or neglected or that no misconduct or abusive incidents took place in Winnsboro, Louisiana, between defendant and his 14-year-old daughter.
Even should we assume these contentions correct, that assumption would not affect the great preponderance of the evidence showing that other abusive conditions existed, whether inflicted by either or both the mother and the father towards one or more of the children, which warrant the award of custody of the children in the family to DHHR. These children and their parents lived a nomadic existence and apparently were not permanently residing anywhere more than a few weeks or months at a time. The trial court did not abuse its responsibility of assessing and weighing the evidence. Overt sexual promiscuity of one or more children or parents affects all of the children in the family.
At appellant’s cost, judgment is AFFIRMED.